IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, JUL -5 AM 11: 21
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. **3 : 0 6 cr 0 1 2 2** |
| | : | INFORMATION **THOMAS M. ROSE** |
| vs. | : | |
| | : | 18 U. S. C. § 1956(h) |
| STEPHANIE S. WOODS, | : | 26 U. S. C. § 7203 |
| | : | |
| Defendant. | : | |

THE UNITED STATES ATTORNEY CHARGES THAT:

## COUNT 1
### (Conspiracy to Launder Money)

## INTRODUCTION

1. From on or about September 23, 2003, and continuing through on or about April 19,

2005, in the Southern District of Ohio and elsewhere, defendant **STEPHANIE S. WOODS**,

together with Jocelyn L. Hammond, along with others, both known and unknown, did

unlawfully, and knowingly combine, conspire, confederate, and agree between themselves, to

commit certain offenses against the United States as follows:

> a)  knowingly engage in, and attempted to engage in monetary transactions by,
>
> through, or to a financial institution affecting interstate or foreign commerce in
>
> criminally derived property of a value greater than $10,000.00 that was deposited,
>
> withdrawn, transferred and exchanged in U.S. currency, funds and monetary
>
> instruments such as to affect interstate commerce, from one or more violations of
>
> 18 U.S.C. § 1957.

1

## **OBJECTS OF THE CONSPIRACY**

2. It was an object of the conspiracy that monetary transactions were completed knowing that the property and money involved in said transactions represented proceeds of various forms of specified unlawful activities associated with mortgage fraud, specifically money laundering in violation of 18 U.S.C. § 1957.

3. It was further an object of the conspiracy that monetary transactions were completed with the intent to promote the carrying on of acts of mortgage fraud, specifically money laundering in violation of 18 U.S.C. §1957 through the use of certain mortgage loan applications and HUD-1 settlement statements.

4. It was further an object of the conspiracy to knowingly engage, or attempt to engage in monetary transactions in property valued in excess of $10,000.00 which was criminally derived from specified unlawful activities associated with acts of mortgage fraud, specifically money laundering in violation of 18 U.S.C. § 1957 through the use of certain mortgage loan applications and HUD-1 settlement statements.

5. It was further an object of the conspiracy to allow the named and unnamed co-conspirators to enjoy the benefits of the criminal proceeds generated by their mortgage fraud activities while simultaneously attempting to insulate themselves from detection by law enforcement officials and criminal prosecution.

2

## THE MANNER AND MEANS OF THE CONSPIRACY

6.      During the time period of the alleged conspiracy, defendant **STEPHANIE S.**
**WOODS** was engaged in the business of buying, selling, renting and investing in real estate in
and around the Dayton, Ohio area.  In furtherance of these business endeavors, defendant
**STEPHANIE S. WOODS** owned, operated and managed various business entities to include:
WOODS INSURANCE AGENCY, INC., WOODS RENTAL AND INVESTMENT
PROPERTIES, and VW HOME IMPROVEMENT.  These businesses were operated out of
defendant **STEPHANIE S. WOODS'** residence which is located at 7111 Lempco Lane, Dayton,
Ohio.

7.      During the time period of the alleged conspiracy, co-conspirator Jocelyn L.
Hammond was the owner of All City Title Agency, Inc., located at 7087 Corporate Way,
Centerville, Ohio.

8.      During the time period of the alleged conspiracy, defendant **STEPHANIE S.**
**WOODS** together with the above named and other unnamed co-conspirators, prepared and
submitted, and caused to be prepared and submitted on behalf of prospective purchasers of, and
investors in residential properties, the majority of which were low income, dilapidated and
otherwise depressed residential properties in the Dayton, Ohio area and other areas, certain
mortgage loan application packages to various financial institutions, some of which were Federal
Deposit Insurance Corporation (FDIC) insured, located throughout the United States which
contained false, fictitious, and fraudulent statements in various documents including: agreements
to sell real estate, Uniform Residential Loan Applications (Form 1003), Department of Housing
& Urban Development Settlement Statements (HUD-1), residential property appraisal reports,
and other related miscellaneous correspondence and memoranda.

3

9. It was further part of the conspiracy that defendant **STEPHANIE S. WOODS**, together with the above named and other unnamed co-conspirators, placed, or caused to be placed, various false, fictitious, and fraudulent statements and documents in interstate commerce via commercial interstate carriers, and via electrical signs and signals by means of wire communication, namely facsimile transmissions from telephone numbers and computer electronic message equipment installed at business locations and offices located throughout the Southern District of Ohio to include: All City Title Agency, Inc., 7087 Corporate Way, Centerville, Ohio, to various mortgage lending companies and financial institutions insured by the FDIC which were physically located outside the State of Ohio.

10. It was further part of the conspiracy that unsuspecting individual "purchasers" and "investors" were actively recruited by named and unnamed co-conspirators to purchase said residential properties, the majority of which were low income, dilapidated and otherwise depressed residential properties located in and around the Dayton, Ohio area, financed with mortgage loans fraudulently facilitated, arranged, brokered and closed by defendant **STEPHANIE S. WOODS**, together with the above named and unnamed co-conspirators.

11. It was further part of the conspiracy that defendant **STEPHANIE S. WOODS**, together with the above named and other unnamed co-conspirators, affirmatively and fraudulently concealed, or caused to be concealed from various financial institutions, some of which were FDIC insured, the fact that various prospective purchasers and mortgage applicants recruited by this scheme and artifice did not in fact personally provide required cash down payments as reflected in HUD-1 Forms and Form 1003 loan applications.

4

12.     It was further a part of this conspiracy that defendant, **STEPHANIE S. WOODS**, together with the above named and other unnamed co-conspirators, affirmatively and fraudulently concealed from various financial institutions, some of which were FDIC insured, the fact that cash down payments were fraudulently paid on behalf of mortgage loan applicants contrary to information contained in HUD-1 settlement statements and Form 1003 loan applications.

13.     It was further part of this conspiracy that named and unnamed co-conspirators, affirmatively and fraudulently concealed from various financial institutions, some of which were FDIC insured, the fact that defendant **STEPHANIE S. WOODS**, together with the above named and other unnamed co-conspirators, paid cash bonuses or "kick backs" to certain mortgage loan applicants in return for their agreement to purchase and close on residential properties, the majority of which were low income, dilapidated and otherwise depressed residential properties located in the Dayton, Ohio area, and elsewhere.

14.     It was further part of the conspiracy that defendant **STEPHANIE S. WOODS**, together with the above named and other unnamed co-conspirators, utilized bank accounts at financial institutions within the Dayton, Ohio area and elsewhere, to conduct financial transactions, that promoted and facilitated the mortgage loan fraud, and disguised the true nature, location, source, ownership and control of the proceeds fraudulently generated by the conspiracy.

5

15.    It was further part of the conspiracy that defendant **STEPHANIE S. WOODS**, together with the above named co-conspirator and other unnamed co-conspirators, fraudulently altered, fabricated and falsified information contained on various mortgage loan related documents to include: HUD-1 Forms, Form 1003, residential property appraisal reports, general warranty deeds, and other associated correspondence and memoranda.

16.  It was further part of the conspiracy that defendant **STEPHANIE S. WOODS**, along with the above named co-conspirator, caused criminally derived funds to be transferred to and from accounts in the Southern District of Ohio and elsewhere, as part of their business operations in the Southern District of Ohio and elsewhere, which in turn promoted the carrying on of certain specified unlawful activities.

17.    It was further part of the conspiracy that defendant **STEPHANIE S. WOODS**, together with the above named and other unnamed co-conspirators, fraudulently obtained mortgage loans as part of this scheme.

18.    It was further part of the conspiracy that defendant **STEPHANIE S. WOODS**, together with the above named and other unnamed co-conspirators, fraudulently obtained proceeds from mortgage loans for their collective personal use as part of this scheme.

19.    It was further part of the conspiracy that defendant **STEPHANIE S. WOODS**, together with the above named and other unnamed co-conspirators, fraudulently misled property investors as part of this scheme.

20.    It was further part of the conspiracy that defendant **STEPHANIE S. WOODS**, together with the above named and other unnamed co-conspirators, closed and sold residential properties utilizing fraudulent loan proceeds as part of this scheme, all of which were located in Montgomery County, Ohio.

6

## THE OVERT ACTS OF THE CONSPIRACY

In furtherance of the conspiracy and to effect the objects thereof, a conspirator

committed at least one or more overt acts listed below in the Southern District of Ohio in

furtherance of the conspiracy;

> 1) On or about September 30, 2003, co-conspirator Jocelyn L. Hammond
> served as the President of All City Title Agency, Inc. and acted as settlement
> agent in a residential loan closing for 815 Euclid, Ave., Dayton, Ohio.

> 2) On or about October 1, 2003, defendant **STEPHANIE S. WOODS**,
> fraudulently provided the required $12,750.83 down payment for A.P., a person
> identified to the Grand Jury, who was the loan applicant/purchaser for the
> transaction described in Overt Act #1.

> 3) On or about September 30, 2003, the defendant, **STEPHANIE S. WOODS**,
> and co-conspirator Jocelyn L. Hammond, fraudulently concealed the fact that
> A.P. did not personally provide the required $12,750.83 down payment to Argent
> Mortgage Co., LLC, 2550 Golf Road, East Tower, Floor #10, Rolling Meadows,
> Illinois 60008, the mortgage lender for the transaction described in Overt Act #1.

> 4) On or about September 30, 2003, defendant **STEPHANIE S. WOODS**,
> was fraudulently reimbursed the $12,750.83 down payment from the mortgage
> loan proceeds following the transaction previously described in Overt Act #1.

> 5) On or about March 12, 2004, co-conspirator Jocelyn L. Hammond served as
> the All City Title Agency, Inc. settlement agent at a residential loan closing for
> 821 Huron Ave., Dayton, Ohio.

> 6) On or about March 11, 2004, defendant **STEPHANIE S. WOODS**,
> fraudulently provided the required $8,585.78 down payment for E.C. and V.C.,
> persons identified to the Grand Jury, the loan applicants/purchasers for the
> transaction previously described in Overt Act #5.

> 7) On or about March 12, 2004, defendant **STEPHANIE S. WOODS**, and co-
> conspirator Jocelyn L. Hammond fraudulently concealed the fact that E.C. and
> V.C. did not personally provide the required $8,585.78 down payment to Argent
> Mortgage Co., LLC, the mortgage lender for the transaction previously described
> in Overt Act #5.

> 8) On or about March 12, 2004, defendant **STEPHANIE S. WOODS** was
> fraudulently reimbursed the $8,585.78 down payment from the mortgage loan
> proceeds following the transaction previously described in Overt Act #5.

7

9)    On or about September 28, 2004, defendant **STEPHANIE S. WOODS**, engaged in a monetary transaction involving criminally derived property that affected interstate commerce, by transferring a monetary instrument in the amount of $48, 449.20 which was used to purchase a 2004 Infiniti FX Sport Utility Vehicle, having vehicle identification number of: JNRAS08W14X224818.

10)    On or about April 16, 2005, defendant **STEPHANIE S. WOODS**, engaged in a monetary transaction involving criminally derived property that affected interstate commerce, by transferring a monetary instrument in the amount of $23,683.00 which was used to purchase a 2003 Chevrolet Silverado K1500 Pickup Truck, having vehicle identification number of: 2GCEK19T731111754.

All in violation of 18 U.S.C. § 1956(h).

## COUNT 2
### (Willful Failure to File Income Tax Return-Misdemeanor)

During the calendar year 1999, defendant **STEPHANIE S. WOODS**, who was a resident

of Dayton, Ohio, had and received gross income in excess of $50,000.00; that by reason of such

income she was required by law, following the close of calendar year 1999, and on or before

April 17, 2000, to make an income tax return to the District Director of the Internal Revenue

Service for the Internal Revenue District of Cincinnati, at Cincinnati, in the Southern District of

Ohio, or to the Director, Internal Revenue Service Center, at Covington, Kentucky, or other

proper officer of the United States, stating specifically the items of her gross income and any

deductions and credits to which she was entitled; that well-knowing and believing all of the

foregoing, she did willfully fail to make an income tax return to said Director of the Internal

Revenue Service, to said Director of the Internal Revenue Service Center, or to any other proper

officer of the United States.

In violation of 26 U.S.C. §7203.

8

## COUNT 3
**(Willful Failure to File Income Tax Return-Misdemeanor)**

During the calendar year 2000, defendant **STEPHANIE S. WOODS**, who was a resident of Dayton, Ohio, had and received gross income in excess of $50,000.00; that by reason of such income she was required by law, following the close of calendar year 2000, and on or before April 16, 2001, to make an income tax return to the District Director of the Internal Revenue Service for the Internal Revenue District of Cincinnati, at Cincinnati, in the Southern District of Ohio, or to the Director, Internal Revenue Service Center, at Covington, Kentucky, or other proper officer of the United States, stating specifically the items of her gross income and any deductions and credits to which she was entitled; that well-knowing and believing all of the foregoing, she did willfully fail to make an income tax return to said Director of the Internal Revenue Service, to said Director of the Internal Revenue Service Center, or to any other proper officer of the United States.

In violation of 26 U. S. C. § 7203.

## COUNT4
**(Willful Failure to File Income Tax Return-Misdemeanor)**

During the calendar year 2001, defendant **STEPHANIE S. WOODS**, who was a resident of Dayton, Ohio, had and received gross income in excess of $50,000.00; that by reason of such income she was required by law, following the close of calendar year 2001, and on or before April 15, 2002, to make an income tax return to the District Director of the Internal Revenue Service for the Internal Revenue Service District of Cincinnati, at Cincinnati, in the Southern District of Ohio, or to the Director, Internal Revenue Service Center, at Covington, Kentucky, or other proper officer of the United States, stating specifically the items of her gross income and

9

any deductions and credits to which she was entitled; that well-knowing and believing all of the foregoing, she did willfully fail to make an income tax return to said Director of the Internal Revenue Service, to said Director of the Internal Revenue Service Center, or to any other proper officer of the United States.

In violation of 26 U. S. C. § 7203.

## COUNT 5
### (Willful Failure to File Income Tax Return-Misdemeanor)

During the calendar year 2002, defendant **STEPHANIE S. WOODS**, who was a resident of Dayton, Ohio, had and received gross income in excess of $50,000.00; that by reason of such income she was required by law, following the close of calendar year 2002, and on or before April 15, 2003, to make an income tax return to the District Director of the Internal Revenue Service for the Internal Revenue District of Cincinnati, at Cincinnati, in the Southern District of Ohio, or to the Director, Internal Revenue Service Center, at Memphis, Tennessee, or other proper officer of the United States, stating specifically the items of her gross income and any deductions and credits to which she was entitled; that well-knowing and believing all of the foregoing, she did willfully fail to make an income tax return to said Director of the Internal Revenue Service, to said Director of the Internal Revenue Service Center, or to any other proper officer of the United States.

In violation of 26 U. S. C. § 7203.

10

## COUNT 6
### (Willful Failure to File Income Tax Return-Misdemeanor)

During the calendar year 2003, defendant **STEPHANIE S. WOODS**, who was a resident of Dayton, Ohio, had and received gross income in excess of $50,000.00; that by reason of such income she was required by law, following the close of calendar year 2003, and on or before April 15, 2004, to make an income tax return to the District Director of the Internal Revenue Service for the Internal Revenue District of Cincinnati, at Cincinnati, in the Southern District of Ohio, or to the Director, Internal Revenue Service Center, at Memphis, Tennessee, or other property officer of the United States, stating specifically the items of her gross income and any deductions and credits to which she was entitled; that well-knowing and believing all of the foregoing, she did willfully fail to make an income tax return to said Director of the Internal Revenue Service, to said Director of the Internal Revenue Service Center, or to any other proper officer of the United States.

In violation of 26 U. S. C. § 7203.

GREGORY G. LOCKHART
UNITED STATES ATTORNEY

DWIGHT K. KELLER
Assistant United States Attorney

11